IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH SLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04CV583-T |
| ) | |
| GENERAL ELECTRIC COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, RALPH SLEDGE ["Sledge"] filed his original complaint, *pro se,* in the Lowndes County Circuit Court on 30 May 2004, and defendant General Electric Company ["GE"] removed the case to this court on 14 June 2004 (Doc. # 1).[1]  Sledge alleges that the defendants violated his constitutional and civil rights.

Pending before the court are (1) a Motion to Dismiss, filed by the defendants on 10 January 2005 (Doc. # 34); and (2) a Motion For Nonsuit, filed by Sledge on 28 February 2005 (Doc. # 46).  Upon consideration of the motions, the responses to the motions, the parties' representations, and the record in this case, the Magistrate Judge recommends that Sledge's motion and the defendants' motion be granted and that Sledge's claims be dismissed.

### I.   PROCEDURAL HISTORY

Sledge originally named the following defendants: Gary L. Roger ["Roger"], GE

---

[1] The removal was premised upon defendants' invocation of this court's diversity jurisdiction, pursuant to 28 U.S.C. §1332.

Plastics ["GE Burkville"][2], and three fictitious defendants - A, B, and C (Doc. # 1).  He alleged that the defendants

- "failed or refused to build his company as promised" (count one);
- breached "an agreement regarding [his] designation as a minority contractor for GE Plastics" by "failing and or refusing to provide work for [him] to perform in order to be compensated" (count two); and
- defrauded him by "represent[ing] that they would ensure work for [him] to be performed for compensation", that he "relied on [the representations] and acted upon them, by investin [sic] in equipment and training additional personnel", all to his detriment (count three).

The relief requested by Sledge is exclusively monetary - $140,000.00 for count one; $300,000.00 for count two; and $3,000,000.00 for count three.  His demand for count three includes compensatory and punitive damages, and he requests interest and court costs.

Sledge failed to appear at the first scheduling conference set by the court (See Docs. # 4, 5). He informally advised the court that Christopher Pitts, Esq. ["Pitts"] would represent him, but, since Pitts never filed a notice of appearance, Sledge has remained a *pro se* plaintiff.[3]  Within 60 days of the removal, Sledge relocated to Birmingham, but Pitts

---

[2]Burkville is an incorporated municipality in Lowndes County, Alabama. The defendants have explained that there is currently no such entity as "GE Plastics". Rather, pursuant to a corporate re-organization, GE created a division called GE Advanced Materials. It is not a separate entity, "but rather an operating business of GE" with its principal place of business in Pittsfield, Massachusetts (Doc. # 33-1). The court therefore refers to the local entity as "GE Burkville", a reference that it is intended to refer to as the Lowndes County operation of GE Advanced Materials.

[3]Actually, the court has expended substantial time in its attempt to ascertain Pitts' and Sledges' intentions in this case. Following Sledge's non-appearance at the scheduling conference in September 2004, and in the absence of a notice of appearance, Pitts filed a response to the court's order (Doc. # 8). He stated that he was "conducting a Rule 11 investigation and that he had failed to appear because he was not admitted to practice in the Middle District of Alabama on 27 August 2004 - the date of the scheduling conference. He further stated that he would not represent Sledge in the instant case "due to the complexities of [the case], and [his] own inexperience in Federal

requested the court on his behalf to refrain from dismissing this case (Doc. # 8).

Since Pitts indicated that he would not represent Sledge, the court directed Sledge to advise the court of his status on or before 15 October 2005 (Doc. # 9). Sledge responded by contending that Pitts was his attorney and that he expected Pitts to respond to the court's orders by appearing on his behalf and by filing responsive pleadings (Doc. # 13). Sledge also reiterated Pitt's entreaty that the court refrain from dismissing his case, adding that he would "proceed with this matter Pro Se". *Id.*

The court entered a scheduling order on 9 November 2004 which provided, inter alia, that amended pleadings were due by 3 December 2004 (Doc. # 16). Sledge filed an Amended Complaint on 3 December 2004 (Doc. # 18), and named the following as defendants:

1. General Electric Company ["GE"], doing business as GE Plastics Burkville ["GE Burkville"];

2. Tom Nicholson ["Nicholson"], the general manager of GE Burkville;

3. John Washuta ["Washuta"], a general manager and source leader at GE Burkville;

4. Rick Reynolds ["Reynolds"], a source leader;

5. Michael Cavanaugh {"Cavanaugh"], a source leader;

6. Maggie Springer ["Springer"], "an individual who maintains a place of business at One Plastics Drive" in Burkville (GE Burkville's address;

7. Dick Goff ["Goff"], a project manager;

8. Don Scott ["Scott"], site maintenance leader;

9. Jeffrey Immelt ["Immelt"], chairman and CEO of GE; and

10. John Krenicki, Jr. ["Krenicki"], President of GE Advanced Materials.

---

Court". *Id.*

3

*Id.*

In his Amended Complaint, Sledge essentially restated the facts and the three counts set forth in his initial complaint, labeling count one as a cause of action for breach of contract; count two as a cause of action under the Alabama Deceptive Trade Practices-Consumer Protection Act, §8-19-1 et seq, Code of Alabama, 1975; and the third count as a cause of action for common law fraud and negligent misrepresentation.

Thereafter, Sledge filed a Motion to Vacate for lack of diversity jurisdiction (Doc. # 19). Attached to his motion was his affidavit, attesting to the fact that seven of the individual defendants "reside and work in the States of Alabama".[4] Although the court, construing the motion as a motion to remand, denied his motion as moot, the court directed the defendants to respond to the affidavit (Doc. # 21).

The defendants responded to the court's order by filing two motions: a Motion to Strike Portions of Sledge Affidavit (10 January 2005, Doc. # 33-1); a Motion To Dismiss under Rule 12(b(6), FED. R. CIV. PRO. (Doc. # 34); and a Motion to Strike Sledge's amended petitions (Doc. # 35). The court later denied the motion to strike the Amended Complaint (Doc. # 37).

## II.   FACTS

Although the court issues no ruling upon the defendant's Rule 12(b)(6) motion, because the defendants have not answered the Amended Complaint and because this Recommendation advises no ruling on the merits of this case, the court accepts as true the allegations in the plaintiff's complaint. ***See Hishon v. King & Spalding***, 467 U.S. 69, 73

---

[4]Sledge attested that Nicholson, Reynolds, Cavanaugh, Goff, Washuta, Scott, and Springer were Alabama residents (Doc. # 33-1, Exh. A).

(1984).

Before he associated with GE Plastics, Sledge was employed by Pruitt Painting, an apparent contractor with GE Plastics, from 1992 through 1999. In October 1999, Sledge was approached by "GE senior management personnel" and asked to obtain a general contract at the company for certified specialty maintenance painting. Previously, the company had received "numerous complaints that they were deliberately and systematically" discriminating against some employees and subcontractors. *Id.*

To correct the problem, Nicholson and Reynolds entered into "an oral agreement for the creation and development of a Minority Industrial Maintenance Painting firm", to be operated by Sledge. They made several specific promises to Sledge, including endorsing workmen's compensation and commercial insurance for his employees, providing administrative and management support, providing him with training, and providing him with "on-site office space at no cost". *Id.*

Critically, the defendants promised to provide Sledge with "substantial work orders for painting to support [his] . . . . operations" and to "provide continuous support to the Holmes Industrial Painting". As a result of this transaction, Sledge became the sole proprietor of a business known as Holmes Industrial Painting, located at One Plastic Drive in Burkville. Sledge and the defendants completed documents to permit him to attend a minority business conference in December 1999 and to permit him to work at the GE Plastics site. *Id.*

Sledge relied on the defendants' representations and believed that "as long as painting was required at the site he would get the work". Thus, he "voluntarily terminated his position with Pruitt Painting" and formed his new company. The defendants failed to provide Sledge or Holmes Industrial Painting with the work promised, and Sledge incurred

out-of-pocket expenses, loss of credit, damage to his credit reputation, and the loss of the bargain that he made with the defendants. *Id.*

### III.   DISCUSSION

*A.   Sledge's Motion For Non-Suit*

After the court clarified the motions upon which action would be taken, Sledge filed a "Nonsuit Against General Electric Company, et al." on 17 February 2005 (Doc. # 42). He asserted the following allegations:

> The plaintiff does not have the skill level, knowledge, or the resources to research and prepare the above name [sic] documents by the above stated deadlines and needs additional time to obtain legal counsel to represent the pro se plaintiff and continue pursuing the above state [sic] cause of action against the defendants.
>
> . . . . . .
>
> Plaintiff Ralph Sledge et al asks this court to sign an order of nonsuit on all his claims against Defendant General Electric Company et al.

Id.  The court construed Sledge's motion as a Voluntary Dismissal, under Rule 11, Fed. R. Civ. Pro.  Thus, in its order entered on 22 February 2005, the court so advised the parties and specifically stated that the court interpreted Sledge's motion as a voluntary dismissal of "the plaintiff's claims against all of the defendants in this lawsuit" (Doc. # 43).

However, because Sledge's intentions were "non entirely clear", the court directed him to file a Motion to Dismiss,

> specifically indicating whether he wishes to dismiss his lawsuit against (1) General Electric Company and (2) all of the individual defendants named in this lawsuit, including Gary L. Roger; GE Plastics; GE Plastics Burksville; Michael Cavanaugh; Dick Goff; Jeffrey Immelt; John Krenicki, Jr.,; Tom Nicholson; Rick Reynolds; Don Scott; Maggie Springer; and John Washuta.

6

*Id.* The court further advised Sledge to assert whether he "desires to dismiss some of the defendants but not all of them" and directed him to "state his precise intentions in his motion". *Id.*

Further, on 28 February 2005, the court conducted a status conference on the record at which the plaintiff appeared, along with the defendants' counsel. At the conference, although Sledge persisted in his allegations against the defendants, he repeatedly and unequivocally stated that he wanted his claims dismissed until he could "have better justification and guidance for pursuing this action" (See Minute Entry of conference, Doc. # 45).

On the same date, Sledge reiterated in writing -by filing a second Motion For Nonsuit - that he that he wished for the court to dismiss his lawsuit against the defendants (Doc. # 46).

### B.     *Voluntary Dismissal*

Rule 41(a) (2) permits voluntary dismissal of a civil action "upon order of the court and upon such terms and conditions as the court deems proper." The court has broad discretion in granting a motion to dismiss filed by the plaintiff. ***Pontenberg v. Boston Sci. Corp.***, 252 F.3d 1253, 1255 (11th Cir. 2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." ***McCants v. Ford Motor Co., Inc.***, 781 F.2d 855, 856-57 (11th Cir. 1986).

In the instant case, the defendants have not filed an Answer to the Amended Complaint; nor have they asserted counterclaims. Moreover, some of the defendants have

filed a motion to dismiss this action for failure to state a cause of action.[5] The defendants did not specifically request that the claims be dismissed with prejudice, and there is no suggestion that a dismissal without prejudice would result in "clear legal prejudice." Indeed, the court has independently reviewed the allegations in the complaint and finds that, given the nature of the Sledge's claims and the proof required to assert them, his conclusion regarding his need for counsel is a valid one.

In addition, there is no indication that Sledge has filed his motion to avoid a likely adverse outcome or to compromise the defendant's position. See ***Pontenberg v. Boston Sci. Corp.***, 252 F.3d at 1256 (finding that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss."); ***see also Durham v. Florida East Coast Ry. Co.***, 385 F.2d 366 (5th Cir. 1967).[6] Rather - especially in view of Sledge's previous efforts to secure counsel - it is clear to this court that the plaintiff has made a reasoned decision that he is unable to prosecute these claims without counsel.

The court therefore finds that the defendants will not suffer prejudice if this case is dismissed without prejudice. The plaintiff is advised that, although dismissal without prejudice permits him to file a subsequent lawsuit, it "does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." ***Stein v. Reynolds Securities***,

---

[5]The defendants' Motion to Dismiss was filed on behalf of Cavanaugh, Goff, Immelt, Krenicki, Scott, Springer, and Washuta. They did not specifically request that the court dismiss Sledge's claims against them with prejudice (Doc. # 34).

[6]In ***Bonner v. Prichard***, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Inc., 667 F.2d 33, 34 (11th Cir. 1982).

*C.   The Defendants' Motion*

The court's conclusion that Sledge's Voluntary Dismissal should be permitted (or granted) pretermits consideration of and a ruling upon the defendants' Motion to Dismiss.

## IV. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that the court take the following action:

1. GRANT Sledge's Motion to Nonsuit, filed on 28 February 2005 (Doc. # 46) and construed as a Voluntary Dismissal;
2. DENY as moot the defendants' Motion to Dismiss, filed on 10 January 2005 (Doc. # 34);
3. DISMISS all of Sledge's claims against the defendants, without prejudice;
4. DIRECT that each party pay his own costs in this matter.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 9 August 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 26th day of July, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE